**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

REBECCA D. JULIAN,

Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 6:25-cv-1823-RMN

**MEMORANDUM DECISION AND ORDER**[1]

Plaintiff, Rebecca Julian, seeks review of the Commissioner of Social Security's final decision denying her application for disability insurance. Dkt. 1; R. 7–25. After carefully examining the record and considering the parties' arguments, and because the Commissioner's decision is supported by substantial evidence, the decision is **AFFIRMED**.

## I. BACKGROUND

### A. Agency Proceedings

Julian filed an application for disability insurance benefits under Title II of the Social Security Act on September 13, 2021, alleging a disability

[1] With the parties' consent, this matter was referred to me to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. 1.

beginning on December 16, 2020. R. 270. The agency denied her claim initially and upon reconsideration. R. 148–52; 158–61. Julian then requested a hearing before an Administrative Law Judge ("ALJ"), which was held on July 12, 2024. R. 162–163 (request for hearing); R. 32–95 (hearing transcript). Julian was represented by an attorney at the hearing, and the ALJ heard testimony from a vocational expert. R. 32–95. On September 26, 2024, the ALJ issued a written decision denying the application. R. 7–25. Julian filed a request for review of that decision with the agency's Appeals Council, which was denied on July 24, 2025. R. 1–3. Thus, the ALJ's decision is the Commissioner's final opinion. R. 1.

**B. The ALJ's Decision**

The ALJ evaluated Julian's application using the five-step sequential evaluation process established by the Social Security Administration to determine whether an individual is disabled. R. 11–25. The ALJ initially found that Julian met the insured status requirements of the Social Security Act through September 30, 2024. R. 12. At step one, the ALJ determined that Julian had not engaged in substantial gainful activity since December 16, 2020, the onset date of her alleged disability. R. 12. At step two, the ALJ concluded that Julian had several severe impairments, including moderate herniated nucleus pulposus with stenosis at the L4-5 lumbar spine, small herniated nucleus pulposus at the C5-6, seizures, obesity, and migraines. R. 12. At step three, the ALJ concluded that Julian did not have an impairment or combination of impairments that meets or medically equals

the severity of one of the listed impairments in Part 404, Subpart P, Appendix 1 of Title 20 of the Code of Federal Regulations. R. 15.

After reviewing the entire record, the ALJ determined at step four that Julian has the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b), with the following restrictions: "[Julian] can frequently climb ramps and stairs. She can never climb ladders, rope, or scaffolds. She can frequently balance, stoop, kneel, crouch, and crawl. She has to avoid concentrated exposure to extreme cold and vibration. She has to avoid even moderate exposure to unprotected heights and dangerous moving machinery." R. 16. At step five, the ALJ concluded that there were existing jobs in significant numbers in the national economy which Julian could perform. R. 24. Thus, the ALJ found that Julian was not disabled during the relevant period for which she seeks benefits. R. 24.

## II. STANDARD OF REVIEW

A court's only task in reviewing a denial of disability benefits is to determine whether the Commissioner's decision is "supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). Substantial evidence "is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.*

## III. ANALYSIS

On appeal, Julian argues that the ALJ failed to properly consider the opinions offered by Dr. Weiss and Ms. Nikka Cohen, N.P. ("Nurse Cohen").

Dkt. 13 at 1300–01, 1305. Specifically, Julian argues that the ALJ did not address the objective evidence and supporting explanations provided by Dr. Weiss and Nurse Cohen, relying only on their normal clinical findings while failing to account for their abnormal findings. Dkt. 13 at 1301–05.[2]

In response, the Commissioner argues the ALJ properly applied the Social Security Administration's revised regulations in considering the persuasiveness of all medical opinions using the five factors set forth in the regulations. Dkt. 14 at 1313–14. The Commissioner argues that the ALJ's analysis showed she considered the supportability and consistency of all medical opinions and provided substantial evidentiary support for her findings regarding the persuasiveness of each opinion. Dkt. 14 at 1318–19.

In determining whether a claimant is disabled, the ALJ must consider medical opinions together with the rest of the relevant evidence. *Lewen v. Comm'r of Soc. Sec.*, 605 F. App'x 967, 968 (11th Cir. 2015) (citing 20 C.F.R. § 404.1527(b)). While the ALJ's decision must sufficiently explain the weight given to probative evidence, the ALJ need not discuss or refer to every individual piece of evidence so long as the ALJ's reasoning enables the

---

[2] Julian further argues in her reply brief that the ALJ also failed to adequately consider the supportability and consistency of Dr. Morgan-Smith's opinion, which was inconsistent with Dr. Weiss' opinion. Dkt. 15 at 1323. This issue was not properly raised in Julian's opening brief as required by the Court's Scheduling Order (Dkt. 12). Accordingly, this argument shall not be addressed.

reviewing court to conclude the ALJ considered the claimant's medical condition as a whole. *Id.*

The ALJ must determine the persuasiveness of the medical opinions and explain their findings in the decision. 20 C.F.R. § 404.1520c. When evaluating the persuasiveness of a medical opinion, the ALJ may consider these factors: (1) supportability, (2) consistency, (3) relationship with the claimant, (4) specialization, and (5) other factors. 20 C.F.R. § 1520c(c); *Harner v. Comm'r of Soc. Sec.*, 38 F.4th 892, 897 (11th Cir. 2022). The ALJ must address the two most important factors, which are supportability and consistency, but need not address the other three factors. 20 C.F.R. § 404.1520c(a)(2). The supportability factor asks whether the medical opinion is supported by relevant objective medical evidence and explanations. 20 C.F.R. § 404.1520c(c)(1). The consistency factor asks whether the medical opinion is consistent with evidence from other medical sources and nonmedical sources in a claim. *Id.* § 404.1520c(c)(2).

Here, the ALJ made the following determination as to the persuasiveness of Dr. Weiss' opinion:

> The undersigned finds Dr. Weiss' opinion not persuasive because it is not generally consistent with the record and not supported by his own physical examinations he performed. Dr. Weiss treated the claimant for neck pain, back pain, seizures, and headaches. Her physical examinations continually showed that her thoracic spine had complaint of tenderness. Her lumbar spine and cervical spine had tenderness and spasms with a reduced

> range of motion. Her single leg raise was positive at 90 degrees. However, her gait and station were normal including tandem, toe and heel walking. Her Romberg sign was negative. There was no drift of outstretched arms with the eyes closed. She had normal muscle strength in the upper and lower extremities. Her reflexes were normal in the upper and lower extremities. Her sensation was intact. In addition, her ambulatory EEG was suggestive of partial complex seizures. However, her cranial nerves were intact. Her cerebellar testing was within normal limits. There was no dysmetria or tremor. She also reported that her seizures are better with Keppra. Dr. Weiss also opined that the claimant cannot tolerate stress, which is a vague statement. It is not clear how he concluded that the claimant would be absent more than 3 times a month.

R. 20–21. In sum, the ALJ articulated the reasons she assigned limited weight to Dr. Weiss' opinion and expressly references and adequately addresses the supportability and consistency factors.

The ALJ made the following determination as to the persuasiveness of Nurse Cohen's opinion:

> The undersigned finds Ms. Cohen's opinion not persuasive because it is generally not consistent with the record. A March 2020 brain MRI was normal. The claimant's March 2020 electroencephalogram (EEG) was normal. Her April 2020 EEG was normal. Her April 2020 ambulatory EEG was suggestive of partial complex seizures. Her August 2021, brain MRI was normal as well. Her September 2022 ambulatory EEG was suggestive of

> seizures activity. The claimant's record shows her seizures and headaches were generally controlled with medication. Her record also shows that she has not hospitalized due to a seizure. Her examinations showed that her cranial nerves were intact. Her cognition was also within normal limits. Additionally, her examinations showed that she had 5/5 muscle strength in the upper and lower extremities. She had a normal gait and station. She also did not need an assistive device to ambulate. Ms. Cohen's opinion is also not supported because she has not reviewed the claimant's entire record. Under the circumstances, she did not provide support for the need to be absent from work more than 4 times a month.

R. 22. Again, the ALJ articulates the reasons she assigned limited weight to Nurse Cohen's opinion, expressly referencing and adequately explaining how she assessed the supportability and consistency factors.

Finally, because the ALJ properly evaluated the medical opinions, the only issue remaining is whether the ALJ's decision is supported by substantial evidence. Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019).

The ALJ's reasoning as to each medical source at issue is supported by substantial evidence. The ALJ found Dr. Weiss' opinion that Julian was likely to be absent from work more than three times a month was unsupported by his own examination results. R. 20-21. The ALJ cited several of those results, including that Julian had a normal gait and station, negative

Romberg sign, no drift of outstretched arms with the eyes closed, and normal muscle strength in the upper and lower extremities. R. 20-21.

The ALJ found Nurse Cohen's opinion that Julian would need to be absent from work more than four times a month to be unsupported by and inconsistent with the record. R. 22. The ALJ cited several pieces of evidence inconsistent with Nurse Cohen's opinion, including a normal brain MRI and EEG in March 2020, a normal brain MRI in August 2021, records showing that Julian's seizures and headaches were generally controlled with medication, and examinations showing Julian's cranial nerves were intact, her cognition was within normal limits, and 5/5 muscle strength in her upper and lower extremities. R. 22.

As to each medical opinion at issue, the ALJ provides relevant medical evidence from the record that a reasonable mind might accept as adequate to support her conclusion on its persuasiveness. So long as substantial evidence supports the decision, and the Commissioner followed proper legal standards, this Court must affirm, even if the Court would have reached a contrary result, and even if the evidence preponderates against the Commissioner's decision. *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004).

Accordingly, it is **ORDERED**:

1. The Commissioner's final decision is **AFFIRMED**; and

2. The Clerk of Court is **DIRECTED** to enter judgment for the Commissioner and close the file.

**DONE** and **ORDERED** in Orlando, Florida, on September 10, 2026.

ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Counsel of Record